This case is before the court on plaintiffs motion for summary judgment and on defendant’s cross-motion for summary judgment. After careful consideration of the parties’ submissions and without oral argument, we allow the plaintiffs motion and deny the defendant’s.
On April 7, 1977, the plaintiff, Elgin Builders, Inc., was awarded a contract in the amount of $1,993,000 for the construction of a United States Postal Facility in Sterling Heights, Michigan. In arriving at the bid, the plaintiff had included approximately $3,000 attributable to license and permit fees for connection to the water and sewage systems. It had not, however, considered payment of capital improvement and frontage charges of $33,075, required by the municipality before making connection to water and sewage lines. The plaintiff believed these were not "fees and charges” it was liable for under the contract. Under protest it paid the $33,075 and is now before this court in an attempt to recover the money from the federal government.
The contract Elgin Builders had with the federal government provided:
28. PERMITS AND REPONSIBILITIES
The Contractor shall, without additional expenses to the Postal Service, be responsible for obtaining any *917 necessary licenses and permits, and for complying with any applicable Federal, State, and municipal laws, codes, and regulations, in connection with the prosecution of the work.* * *
and
49. BUILDING CODES, FEES AND CHARGES
(a) State and local building codes and regulations do not apply as a matter of law to work inside the property lines of Postal Service-owned properties but generally do apply to Postal Service-leased property. In compliance with U.S. Postal Service policy the Contractor shall comply with all State and local building code requirements unless otherwise specifically provided.
(b) The Contractor shall obtain and pay all fees and charges for connections to outside services and for use of property outside the site.
*****
Ordinance No. 182 of the City of Sterling Heights required payment of a "debt service charge,” in this case $33,075, consisting of "capital charges” and "front foot-ages.” All owners of improved property on the Ordinance’s effective date were required to pay the debt service charge at that time either in a lump sum or in installments. Those who later improved their property were required to pay the debt service charge in a lump sum at the time of construction. The debt service charge was used to retire bonds that had been issued for the development of water and sewage mains on public property.
The plaintiff argues that Bein v. United States, 101 Ct. Cl. 144 (1943), is applicable and should be followed. It further asserts the contract was ambiguous and thus must be construed against the Government. Lastly, it argues the Government engaged in misrepresentation. The federal government counters that Bein is distinguishable from the case at issue, that there was no ambiguity in the contract, and that no misrepresentation took place. We find Bein controlling and do not reach the other arguments.
In Bein, the plaintiff contractors were required to pay back charges of the federal government to the Water Board of the City of Detroit before permits would be issued to connect the water supply. The plaintiffs paid this amount *918 under protest. The contract, like the one at issue, required the contractor to obtain and pay for all necessary licenses, permits, etc. This court, in an opinon by Chief Judge Whaley, held that these back charges were unrelated to the permit process. "It was the defendant’s responsibility to clear the site and these back charges * * * constituted an indebtedness against the property and not an obligation undertaken in the contract.” Id. at 165.
Similarly, in the present case, the municipal ordinance characterized the payment as a debt service charge. The revenues from the charge were used to recover the costs incurred some years previously in the construction of water and sewage mains on public property. Although the mode of payment may have differed, all owners of improved property were required to pay it. If not paid, the charge became a lien against the property. In reality, the debt service charge was an obligation of the property owner and may be likened to a property tax. Its payment was not an expense for connection to the water system but instead was for its use. No valid distinction may be drawn between this case and Bein because the debt in Bein was incurred only by the federal government on its property, while here the debt was from a benefit that inured to all in the municipality. The debt service charge was not part of the fees for the permit process and thus was not an obligation of the plaintiff under the contract.
The defendant cites Atlas Construction Co., PSBCA No. 267-76-2 BCA ¶ 12,217, and similar cases. We find the arguments there irrelevant since Bein is controlling. The plaintiff is therefore entitled to be reimbursed by the federal government for the debt service charge.
it is therefore ordered that plaintiffs summary judgment motion be and is hereby allowed. Defendant’s cross motion is hereby denied. This case is remanded to the trial judge for further proceedings consistent with the above order pursuant to Rule 131(c)(2).
In accordance with a memorandum report of the trial judge recommending that, and pursuant to a stipulation of *919 the parties, judgment of $33,075 be entered for plaintiff, which recommendation was adopted by the court, on December 4, 1981 the court entered judgment for plaintiff in said amount.